## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

| | |
|---|---|
| Kara Stumpff<br>103 S. Main S.t., Apt 5<br>Oconto Falls, WI 54154<br><br>    Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>c/o CT Corporation System, Registered Agent<br>8040 Excelsior Dr Suite 200<br>Madison, WI 53717<br><br>    Defendants. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around April 29, 2008, Defendant telephoned Plaintiff's friend Joe ("Joe").

10. During the communication referenced in Paragraph 9, Defendant asked Joe for Plaintiff's contact information.

11. During the communication referenced in Paragraph 9, Joe told Defendant that Joe did not have current contact information for Plaintiff.

12. On or around April 29, 2008, Defendant telephoned Plaintiff's mother ("Mother").

13. On or around April 29, 2008, in response to the communications referenced in Paragraphs 9 and 12, Plaintiff telephoned Defendant.

14. During the communication referenced in Paragraph 13, Plaintiff notified Defendant that Plaintiff had retained an attorney for the purpose of filing for bankruptcy and provided the law firm's contact information.

15. During the communication referenced in Paragraph 13, Defendant asked Plaintiff for the case number for Plaintiff's bankruptcy.

16. During the communication referenced in Paragraph 13, Plaintiff notified Defendant that Plaintiff did not have a case number because the bankruptcy petition had not been filed yet.

17. During the communication referenced in Paragraph 13, Defendant represented to Plaintiff that, since Plaintiff did not have a bankruptcy case number, Defendant could continue contacting Plaintiff.

18. During the communication referenced in Paragraph 13, the supervisor of Defendant's collector ("Supervisor") began communicating with Plaintiff.

19. During the communication referenced in Paragraph 13, Supervisor represented to Plaintiff that Plaintiff's attorneys were not advising Plaintiff properly.

Case 1:08-cv-00547-WCG   Filed 06/26/08   Page 2 of 5   Document 1

20. During the communication referenced in Paragraph 13, Plaintiff requested that Defendant refrain from contacting Plaintiff's family members.

21. During the communication referenced in Paragraph 13, Defendant represented to Plaintiff that, unless Plaintiff provided her contact information, Defendant would continue contacting members of Plaintiff's family.

22. During the communication referenced in Paragraph 13, Supervisor demanded Plaintiff's contact information.

23. During the communication referenced in Paragraph 13, Plaintiff again provided Defendant with the contact information of Plaintiff's bankruptcy attorney.

24. Through the communication referenced in Paragraph 13, Supervisor spoke to Plaintiff in an abusive and belligerent manner.

25. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

26. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15

        U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C.

        §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By:_____

Richard J. Meier
Sears Tower
233 S. Wacker Drive
Suite 5150
Chicago, IL 60606
Tel: 866.339.1156
Fax: 312.822.1064
rjm@legalhelpers.com
*Attorney for Plaintiff*